IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RICK DUANE LAXTON,                    )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )          Case No. 05-CV-660-TCK-FHM
                                      )
OTTAWA COUNTY JAIL;                   )
SHANE DENNIS KING, Sheriff,           )
                                      )
              Defendants.             )

## ORDER

On November 18, 2005, Plaintiff, a state prisoner appearing *pro se*, submitted for filing a civil rights complaint (Dkt. # 1), and a motion for leave to proceed *in forma pauperis* (Dkt. # 2). By Order filed November 29, 2005 (Dkt. # 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed payment of an initial partial filing fee of $3.50. The Court also direct Plaintiff to file an amended complaint to cure pleading deficiencies. On December 8, 2005, Plaintiff filed an amended complaint (Dkt. # 5). On December 28, 2005, Plaintiff paid the $3.50 initial partial filing fee as ordered by the Court. For the reasons discussed below, the Court finds this action shall be dismissed for failure to state a claim upon which relief may be granted. Plaintiff remains obligated to pay the remaining balance of the $250.00 filing fee, or $246.50.

### A.  Amended Complaint shall be dismissed

In cases where the plaintiff is proceeding *in forma pauperis*, as in this case, 28 U.S.C. § 1915(e) provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall** dismiss the [*in forma pauperis*] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . or seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(ii)(iii) (emphasis added). A court should dismiss a constitutional civil rights claim only if it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988) (citing Owens v. Rush, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Id.; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. See also Fed. R. Civ. P. 12(b)(6) and Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (setting forth standards for evaluating the sufficiency of a claim).

Upon careful review of the amended complaint, the Court finds Plaintiff has failed to state a claim upon which relief may be granted as to either of the two identified defendants. Furthermore, because Plaintiff has already been afforded the opportunity to cure deficiencies, the Court finds it would be futile to allow another opportunity to amend. Plaintiff was in custody at the Ottawa County Jail at the time of the events giving rise to the claims identified in the complaint. In the amended complaint, Plaintiff identifies "Ottawa County Jail" and "Shane Dennis King" as the defendants. In the text of his amended complaint, Plaintiff identifies Shane Dennis King as the Sheriff of Ottawa County. In its prior Order (Dkt. # 3), the Court directed Plaintiff to "name as defendant(s) the individual(s) and/or the entity(ies) responsible for the alleged violation(s) of his civil rights and state how, when and where the named defendant(s) allegedly violated his civil

2

rights."  Furthermore, the Court advised Plaintiff that "any claim against either Ottawa County Jail

or Ottawa County Sheriff's Department shall be dismissed for failure to state a claim upon which

relief may be granted."  See Dkt. # 3.  The Court explained that,

> While a county may be named as a defendant in a civil rights action, numerous
> courts have held that governmental sub-units or departments are not separate suable
> entities and are not proper defendants in a § 1983 action.  Martinez v. Winner, 771
> F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds*, Tyus v. Martinez, 475
> U.S. 1138 (1986); Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993);
> PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 826 (D. N.J.
> 1993). Therefore, should Plaintiff identify Ottawa County Jail and/or Ottawa County
> Sheriff's Department as defendants in his amended complaint, those defendants will
> be dismissed from this case with prejudice pursuant to 28 U.S.C. §§
> 1915(e)(2)(B)(ii).

(Dkt. # 3).  Despite the Court's admonition, Plaintiff again named "Ottawa County Jail" as a

defendant in the amended complaint.  Because the county jail is not a separate suable entity and is

not a proper defendant in a § 1983 action, the Court finds Defendant Ottawa County Jail shall be

dismissed with prejudice from this action.

The Court further finds that the amended complaint fails to state a claim as to Defendant

King.  It is well established that under § 1983, government officials are not vicariously liable for the

misconduct of their subordinates. See Serna v. Colorado Dept. Of Corrections, 455 F.3d 1146, 1151-

52.  "[T]here is no concept of strict supervisor liability under § 1983." Jenkins v. Wood, 81 F.3d

988, 994 (10th Cir. 1996); see also Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999)

("Liability ... must be based upon more than a mere right to control employees.").  "This does not

mean that a supervisor may not be liable for the injuries caused by the conduct of one of his

subordinates. It does mean that his liability is not vicarious, that is, without fault on his part." Scull

v. New Mexico, 236 F.3d 588, 600 (10th Cir. 2000) (citation omitted).  Supervisors are only liable

under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.

Serna, 455 F.3d at 1151. To establish supervisor liability under § 1983 , "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, ... the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" Jenkins, 81 F.3d at 994-95 (quoting Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992)). In short, the supervisor must be personally "involved in the constitutional violation," and a "sufficient causal connection" must exist between the supervisor and the constitutional violation. Rios v. City of Del Rio, 444 F.3d 417, 425 (5th Cir. 2006).

In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Serna, 455 F.3d at 1151.  Then, a plaintiff must show an "affirmative link" between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. Holland v. Harrington, 268 F.3d 1179, 1187 (10th Cir. 2001); Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997). In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because "mere negligence" is not enough to hold a supervisor liable under § 1983 , a plaintiff must establish that the supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur. Green, 108 F.3d at 1302; see also Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999) ( "Liability ... cannot be based upon simple negligence.").

In the instant case, Plaintiff complains that after he slipped and fell and broke his back at the Ottawa County Jail, "the Ottawa County Jail refused plaintiff medical treatment until he signed papers of release while under the influence of 'narcotics.'" (Dkt. # 5).  He also complains that "Ottawa County Jail failed to pay medical bills in Plaintiff's case."  (Id.)  He also makes an

4

unsupported statement that his "rights & privileges" were violated "due to conditions & quality of the jail." (Id.) Significantly, he completely fails to make any factual statement concerning Defendant King's roles in the events giving rise to the asserted constitutional violations. To the extent Plaintiff has sued Defendant King in his role as the supervisor of the jail, he has made no allegation, and certainly no showing, of an "affirmative link" between the conduct of Defendant King and the alleged constitutional violations. As discussed above, the Court previously directed Plaintiff to "name as defendant(s) the individual(s) and/or the entity(ies) responsible for the alleged violation(s) of his civil rights and state how, when and where the named defendant(s) allegedly violated his civil rights." See Dkt. # 3. Plaintiff has failed to comply with the Court's prior Order and has failed to allege facts sufficient to allow this action to proceed against Defendant King. As a result, Plaintiff's claims against Defendant King shall be dismissed without prejudice.

**B. Filing fee**

As discussed in the prior Order, Plaintiff remains obligated to continue making monthly payments until full payment of the filing fee is received even after disposition of the case and regardless of whether relief is granted or denied. See Dkt. # 3. Plaintiff is again reminded of his obligation to pay the balance owed on the $250.00 filing fee. To date, Plaintiff has paid $3.50, leaving a balance owed of $246.50.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's amended complaint (Dkt. # 5) is **dismissed** as follows:

    a. Plaintiff's claims against Defendant Ottawa County Jail are **dismissed with prejudice**,

    b. Plaintiff's claims against Defendant Shane Dennis King are **dismissed without prejudice**.

2.      Plaintiff remains obligated to pay the balance owed on the $250.00 filing fee. To date,

Plaintiff has paid $3.50, leaving a balance owed of $246.50.

3.      This is a final order terminating this action.

DATED THIS 11th day of April, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE